## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM T. LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 06-0884 (JDB) |
| | ) |
| THE HONORABLE FRANCIS J. HARVEY, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S MOTION TO DISMISS,
## OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant hereby moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure on the grounds that Plaintiff has failed to state a claim upon

which relief can be granted.  Alternatively, Defendant moves for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure because there is no genuine issue as to any

material fact and Defendant is entitled to judgment as a matter of law.

In support of this motion, Defendant respectfully submits the attached memorandum of

points and authorities with attachments, a statement of material facts not in genuine dispute, and

a proposed order.

Respectfully submitted,


_____/s_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney


_____/s_____
RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Major Steven D. Bryant
Litigation Attorney
U.S. Army Litigation Division
901 N. Stuart Street
Arlington, VA 22203

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM T. LEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 06-0884 (JDB)** |
| | ) |
| **THE HONORABLE FRANCIS J. HARVEY,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
## TO DISMISS, OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

### I.  INTRODUCTION

This case stems from an investigation into plaintiff's misconduct as a United States Army

civilian employee.  The investigation, pursuant to Army Regulation ("AReg.") 15-6 ("Procedure

for Investigating Officers and Boards of Officers, dated September 30, 1996), resulted in

plaintiff's 14-day suspension without pay for falsifying his employment application and misusing

government resources.  Plaintiff is now improperly invoking the Privacy Act, 5 U.S.C. 552a et

seq., to collaterally attack the AReg. 15-6 investigation and suspension.  Plaintiff alleges that the

investigating officer's findings are incorrect, and should be amended under the Privacy Act, 5

U.S.C. § 552a(g)(1)(A).[1]  The Privacy Act provides for the correction of factual errors; it is not a

mechanism to amend agency judgment, and the investigating officer's findings and the resulting

decision to suspend plaintiff are clearly exercises in judgment.  As such, plaintiff cannot state a

---

[1]  Plaintiff's allegations are assumed true for the purposes of this motion only.  In the unlikely event that this case should proceed on the merits, Defendant is prepared to demonstrate the accuracy of the AReg. 15-6 investigation.

claim, and his complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

Alternatively, defendant's motion for summary judgment should be granted, because there is no genuine issue of material fact. In order to amend an inaccurate record under the Privacy Act, the record must be maintained in a "system of records" — meaning the documents are filed and retrieved based on a personal identifier, such as an individual's social security number. AReg 15-6 investigations are not filed or retrieved based on a personal identifier. Additionally, as discussed above, the Privacy Act may not be used to amend agency judgment. Thus, even assuming plaintiff's allegations are true, and allowing him all favorable inferences therefrom, plaintiff still cannot prevail on a Privacy Act cause of action. Accordingly, defendant is entitled to summary judgment as a matter of law.

## II.  <u>FACTS</u>

AReg 15-6 details the procedures for conducting administrative fact-finding investigations within the United States Army. AReg. 15-6 ¶ 1-4a (Exhibit ("Ex.") A). A commander, senior officer, or supervisor appoints an individual or a board of officers to conduct the investigation.[2]  Informal investigations involve a single investigating officer, in contrast to a formal investigation where a board of officers presides over an administrative hearing. AReg. 15-6 ¶ 1-4a. The purpose is to conduct a thorough investigation and make findings and recommendations to the appointing authority. AReg. 15-6 ¶ 1-5. An investigating officer interviews witnesses, obtains statements, and gathers relevant documentary evidence. AReg. 15-6 ¶¶ 3-7c(2-3); 3-6a; 3-15c. An investigating officer's standard of proof in evaluating evidence

---

[2]  The commander, senior officers, or supervisor is referred to as the Appointing Authority. AReg. 15-6 ¶2-1a(1-2).

and making findings is by a preponderance of the evidence.  AReg. 15-6 ¶ 3-9b.  Relying on the

findings and the purpose of the investigation, the investigating officer then makes

recommendations to the appointing authority, typically documented in a Department of Army

("DA") Form 1574 – Report of Proceedings.[3]  AReg. 15-6 ¶ 3-13b.  The appointing authority is

not bound nor limited by the investigating officer's findings or recommendations, and may

consider any relevant information before taking an adverse action against an individual.  AReg.

15-6 ¶¶ 2-3a, 1-8a.

In the instant case, Lieutenant General James R. Helmly, Chief of the United States Army

Reserve Command, appointed Colonel Patricia J. McDaniel under AReg. 15-6 procedures to

investigate plaintiff's alleged misconduct.  Compl. ¶ 27; Ex. B.  Colonel McDaniel conducted the

investigation from December 19, 2003 through February 25, 2004 and documented her findings

and recommendations in the ROI.  Compl. ¶ 28; Ex. B., Sec. I.[4]  Colonel McDaniel concluded

that, inter alia, plaintiff materially falsified his resume, misused a government cellular phone for

personal telephone calls exceeding $1,000, and improperly lived in Atlanta, Georgia despite

being hired to work in the Washington, D.C. area and being paid for that locality.  Compl. ¶ 29;

Ex. B., Sec. IV.

In accordance with established procedures, the ROI was filed in the United States Army

Reserve Command, Office of the Staff Judge Advocate under the Case Management System.

Declaration of Annette Fears, Ex. C. ¶ 2.  The automated system assigns a log number to each

---

[3] AReg 15-6 Reports of Proceedings are typically referred to as Reports of Investigation ("ROI").

[4] Colonel McDaniel more fully detailed her findings in a 25-page attachment to the ROI, which has been omitted from Ex. B, but can be provided at the Court's discretion.

ROI, which is used for filing and retrieval purposes.  Ex. C. ¶ 3.  ROIs are not filed or retrieved

by name, social security number, or any other personal identifier.  Ex. C. ¶ 3.

Based on Colonel McDaniel's ROI, Brigadier General James A. Kelley, Chief of Staff for

the United States Army Reserve Command, proposed terminating plaintiff's employment.

Compl. ¶¶ 33-34; Ex. D.  General Kelley based the potential adverse action on his finding that

plaintiff: 1) knowingly lied on his resume by claiming that he supervised a 300-person staff,

when in fact, the position described was non-supervisory and 2) misused a government cellular

telephone for unofficial calls.[5]  Compl. ¶¶ 33-34; Ex. D.

Plaintiff submitted rebuttal matters in response to the proposed adverse action

challenging the merits of the findings.  Compl. ¶¶ 35-36.  After reviewing these matters General

Kelley reconsidered the proposed termination, and reduced the penalty to a 14-day suspension

without pay.  Compl. ¶¶ 37-39; Ex. E.  A Standard Form ("SF") 50, Notification of Personnel

Action, documented the suspension in plaintiff's Official Military Personnel File.  Compl. ¶ 38;

Ex. F.

Plaintiff initially sought relief from the suspension and the ROI through informal EEO

administrative procedures.  Exhibt G.  Plaintiff, a white male over 50 with alleged health

problems (active heart disease, degenerative disk disease, reflux, and hypogonadism), asserted

that the AReg 15-6 investigation and suspension were the result of unlawful race, age, and

disability discrimination.  Plaintiff's counsel was notified of plaintiff's right to file a formal EEO

complaint on August 16, 2004.  Ex. H.  Plaintiff's EEO complaint was dismissed as untimely on

---

[5] General Kelley initially issued a proposed termination of employment during plaintiff's
probationary period, but withdrew it when the probationary period expired.  Compl. ¶¶ 30-32.

4

October 19, 2004.  Ex. I.  The Equal Employment Opportunity Commission ("EEOC") affirmed the dismissal on February 24, 2005.  Ex. J.

Through counsel, plaintiff then attempted to administratively challenge the ROI and resulting suspension under the Privacy Act.  Compl. ¶ 40.  Plaintiff asserted (just as he is in this case) that the investigating officer's findings in the ROI were inaccurate and any adverse actions stemming from the ROI, including his suspension, should be overturned under Privacy Act amendment procedures.  Compl. ¶¶ 40-44.  Plaintiff likewise requested that any documentation resulting from the AReg 15-6 ROI should be amended to 'show that the allegations were unsubstantiated.'  Compl. ¶ 47.  Plaintiff's request to amend the records was denied because the 'conclusions and opinions reached in the AR[eg] 15-6 proceedings ... are not subject to alteration under the Privacy Act.'  Compl. ¶ 49.

### III.  STANDARD OF REVIEW

#### A.    Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the "Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief."  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The Court must resolve all factual doubts in favor of plaintiff and allow plaintiff the benefit of all inferences.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in plaintiff's favor.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  While plaintiff is entitled to all favorable inferences

5

that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court

need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set

out in the Complaint.  Kowal, 16 F.3d at 1276.  Further, while the Court must accept plaintiff's

allegations of fact as true, the Court is not required to accept as correct the conclusions plaintiff

would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C.

Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir.

1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations."

Kowal, 16 F.3d at 1276; *see also* Papasan v. Allain, 478 U.S. 265, 286 (1986).

### B.     Summary Judgment

In 1986, the Supreme Court issued three opinions that clarified the standards governing

consideration of motions for summary judgment under Fed. R. Civ. P. 56.  Matsushita Electric

Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc.,

477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995);

Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any

material fact, summary judgment is required.  Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.

Id. at 247.  "The burden on the moving party may be discharged by 'showing' – that is, pointing

out to the (Court) – that there is an absence of evidence to support the non-moving party's case."

Id. Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must proffer specific facts showing that a genuine issue exists for trial. Matsushita, 475 U.S. at 586. Fed. R. Civ. P. 56 requires the party opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to interrogatories or admissions set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416 (D.C. Cir. 1986). To avoid summary judgment, plaintiff must state specific facts or present some objective evidence that would enable the Court to find an entitlement to relief.

In an opinion issued the same day as Celotex, the Supreme Court explained the circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . . or is not sufficiently probative . . . summary judgment may be granted . . . (T)he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Unsupported speculation is not enough to defeat a summary judgment motion; the existence of specific material evidentiary facts must be shown. Fed. R. Civ. P. 56(e) (the nonmoving party may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). See also Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

7

## IV.  ARGUMENT

### A.  Plaintiff May Not Invoke the Privacy Act to Collaterally Attack a Federal Official's Exercise of Judgment

Although the Privacy Act requires governmental agencies to maintain accurate <u>factual</u> records, it may not be used to collaterally attack a federal official's exercise of <u>judgment</u>. <u>Kleiman v. Dept. of Energy</u>, 956 F.2d 335, 337-38 (D.C. Cir. 1991).  Plaintiff is attempting to alter Colonel McDaniel's and General Kelley's judgment that plaintiff committed misconduct warranting suspension as reflected in the ROI..  Because the Privacy Act may not be used for this purpose, plaintiff's claim has no merit.

Plaintiff does not (and cannot) allege that the investigation violated AReg 15-6 procedures.  Plaintiff simply contends that the ROI is "inaccurate" because he does not agree with Colonel McDaniel's findings and General Kelley's decision.  Plaintiff refers to affidavits from his two supervisors and certain documentary evidence that allegedly dispute these findings. Compl. ¶¶ 41-44.  General Kelley, however, weighed this rebuttal evidence before exercising his discretion and determining that plaintiff, in fact, misused a government cellular telephone for personal calls, and materially lied on his resume.  Compl. ¶ 37.  There can be no dispute that the documents that plaintiff seeks to "amend" under the Privacy Act reflect agency judgment (<u>i.e.</u> the <u>decision</u> to suspend plaintiff based on the <u>determination</u> that he engaged in misconduct).

Plaintiff completely misunderstands the relief available under the Privacy Act concerning the correction of inaccurate records.  'The Privacy Act allows for the amendment of <u>factual</u> or <u>historical</u> errors.  It is not, however, a vehicle for amending the <u>judgments</u> of federal officials or others as those judgments are reflected in records maintained by federal agencies.'  <u>Kleiman v. Dept. of Energy</u>, 956 F.2d 335, 337-38 (D.C. Cir. 1991) (quoting <u>Rogers v. United States Dept.</u>

of Labor, 607 F. Supp. 697, 699 (N.D. Cal. 1985) (emphasis added in part).  "The Privacy Act

does not authorize relitigation of the substance of agency decisions."  Bernard v. United States

Dept. of Defense, 362 F. Supp. 2d 272, 280 (D.D.C. 2005) (emphasis added); see also Cargill v.

Marsh, 902 F.2d 1006, 1007-08 (D.C. Cir. 1990).

This Court has rejected similar attempts to collaterally attack the exercise of agency

judgment under the Privacy Act.  In Levant v. Secretary of the Air Force, 384 F. Supp. 2d 262,

264 (D.D.C. 2005), an Air Force brigadier general claimed that he was improperly denied

promotion to major general.  Levant claimed that his records were "inaccurate" because he was

not promoted and sought to amend his records through the Privacy Act.  Levant, 384 F. Supp. 2d

at 270.  The Court disagreed recognizing that Levant's records correctly reflected his rank

(brigadier general), and noted that Levant's claim was "not about the inaccurate records — or

records at all — but rather his (incorrect) belief that he was entitled to a promotion [to major

general] ... this is not the stuff of which Privacy Act suits are made."  Id (internal quotations

omitted).  Levant, like plaintiff, erroneously attempted to use the Privacy Act to challenge a

substantive decision, not a factual error in his records.  See also Bernard, 362 F. Supp. at 280-81

(Privacy Act cannot be used to invalidate agency judgment revoking plaintiff's security

clearance); Almahdi v. Lyons, 2006 U.S. Dist. LEXIS 23294, *11-12 (D.D.C. March 21, 2006)

(inmate may not rely on the Privacy Act to challenge Federal Bureau of Prisons' discretionary

imposition of telephone and mail restrictions based on a pending investigation).

Castella v. Long, et. al., 701 F. Supp. 578 (N.D. Tex. 1988), involves strikingly similar

facts to the instant case.  Castella was a civilian employee with the Army and Air Force

Exchange Service who was terminated based on fraud.  Id. at 584.  Castella, like plaintiff,

asserted that the determination that he committed fraud was wrong; therefore, the agency records alleging or concluding that he did were inaccurate.  Id.  The court held that Castella's true aim was to collaterally attack the correctness of the finding supporting the discharge decision and the Privacy Act could not be used for this purpose.  Id. at 584-85.  Plaintiff's misapplication of the Privacy Act to challenge the misconduct finding and General Kelley's decision to suspend him is indistinguishable from Castella's and should likewise be rejected.

**B.  The Civil Service Relief Act (CSRA) is the Exclusive Remedy for Federal Civilian Employees to Challenge Personnel Decisions.**

It is well established that Congress enacted the Civil Service Relief Act ("CSRA") (5 U.S.C. §§ 1101 et. seq.) as the comprehensive system and exclusive remedy for challenging an agency's judgment in personnel matters.  United States v. Fausto, 484 U.S. 439, 455 (1988).  "the Privacy Act was not intended to shield these employees from the vicissitudes of federal personnel management decisions."  Albright v. United States, 732 F.2d 181, 190 (D.C. Cir. 1984). Plaintiff's 14-day suspension is considered a minor adverse personnel action, and is not subject to judicial review under the CSRA.  Lyles v. U.S. Postal Service, 709 F.2d 358 (5th Cir.  1983); 5 U.S.C. §§ 7501-04, 5 C.F.R.752.201-203;  Cf. 5 U.S.C. § 7703 (judicial review available for Merit Systems Protection Board decisions), 5 C.F.R. § 752.401-06.  Plaintiff is attempting to end-run this statutorily-mandated administrative process by seeking judicial review under the Privacy Act.  The Court of Appeals for the District of Columbia has flatly rejected this, noting that the Privacy Act must be read "without doing violence" to the Civil Service Reform Act: "This court has refused to allow the exhaustive remedial scheme of the CSRA to be impermissibly frustrated by granting litigants, under the aegis of the Privacy Act or otherwise,

10

district court review of personnel decisions judicially unreviewable under the CSRA." <u>Kleiman</u> <u>v. Dept. of Energy</u>, 956 F.2d at 338 (internal citations and quotations omitted); <u>see</u> <u>also</u> <u>Carducci</u> <u>v. Regan</u>, 714 F.2d 171, 174 (D.C. Cir. 1983); <u>Barhorst v. Marsh</u>, 765 F. Supp. 995, 998 (E.D. Mo. 1991) (the CSRA, not the Privacy Act, specifies procedural remedies for federal employees to challenge minor personnel actions).  Thus, the administrative measures available under the CSRA were the only mechanisms plaintiff could invoke to challenge the finding that he engaged in misconduct and the resulting 14-day suspension, not the Privacy Act.[6]

In sum, even drawing all favorable inferences from plaintiff's complaint, he cannot state a claim under the Privacy Act.  Collateral attacks on an agency's exercise of discretion are simply not permissible under the Privacy Act.  Accordingly, plaintiff's Privacy Act claim should be dismissed for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**C.  Defendant is entitled to Summary Judgment on Plaintiff's Privacy Act Claim As No Material Dispute Exists Regarding the Retrieval of AReg 15-6 investigations from a "System of Records" a Required Element to Establish a Claim under 5 U.S.C. 552a (g)(1)(c).**

Even putting aside the fact that plaintiff may not challenge the merits of the AReg 15-6 ROI for the reasons discussed above, plaintiff's Privacy Act claim is also fatally flawed because the ROI is not maintained in a Privacy Act "system of records."  To establish a claim under the Privacy Act, plaintiff must establish the threshold requirement that a system of records exists for the requested record.  <u>Henke v. United States DOC</u>, 83 F.3d 1453, 145,(D.C. Cir. 1996); <u>Chang</u>

---

[6]  Because plaintiff made allegations of unlawful discrimination based on age, race, and disability, Title VII of the Civil Rights Act provided an additional avenue of potential relief. Represented by counsel, plaintiff sought relief through the EEO procedures; however, his formal complaint was dismissed as untimely.

v. United States Navy, 314 F. Supp. 2d 35, 40 (D.D.C.2004) (determining that a system of

records exists from which document at issue is retrieved is prerequisite to a substantive Privacy

Act claim) (citing Henke at 1459); see also Beaulieu v. IRS, 865 F.2d 1351, 1352 (1st Cir. 1989)

(finding the "whole substance of the statute [Privacy Act]" is that information must come from a

system of records).

     The Privacy Act defines a "system of records" as "a group of records under the control of

any agency from which information is retrieved by the name of the individual or by some

identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C.

§ 552a(a)(5). According to the Office of Management and Budget (OMB) implementing

guidelines, the existence of a system of records is twofold: one, there must be an "indexing or

retrieval capability using identifying particulars [that is] built into the system;" and two, the

agency must "in fact, retrieve records about individuals by some personal identifier." OMB

Privacy Act Implementation Guidelines and Responsibilities (OMB Guidelines), 40 Fed. Reg.

28, 948 (July 9, 1975). Accordingly, "retrieval capability is not sufficient to create a system of

records. ("To be in a system of records, a record must ... *in practice* [be] retrieved by an

individual's name or other personal identifier.") Henke v. United States DOC, 83 F.3d 1453,

1460 (D.C. Cir. 1996); quoting Bartel v. F.A.A., 725 F.2d 1403, 1408 n. 10 (D.C. Cir. 1984).

The mere capability, however, of an agency to retrieve information by the name of an individual

is not sufficient to create a system of records. Henke, at 1460 n. 12.

     The declaration of Ms. Annette Fears, Administrative Officer in the Office of the Staff

Judge Advocate for the United States Army Reserve Command, demonstrates that no such

"system of records" is maintained for AReg 15-6 ROIs. Indeed, ROIs are not filed or retrieved

by name, social security number, or any other personal identifier.  Ex. E. ¶ 3.  To the contrary, the

ROI was assigned a log number under the automated Case Management System.  This log

number was (and is) used for filing and retrieving the ROI.  Ex. E. ¶¶ 2-3.  Given this legal

threshold to establish a system of records from which the requested records

are retrieved, plaintiff's claim fails.  With no retrieval from a Privacy Act system of records, no

genuine issue of material fact remains, and defendant is entitled to summary judgment on this

basis as well.

---

## V.  CONCLUSION

Plaintiff's Privacy Act complaint is defective because, even read in the light most

favorable to plaintiff, he fails to state a claim.  Discretionary agency decisions are not subject to

review under the Privacy Act and AReg 15-6 ROIs are not maintained in a system of records.

Thus, defendant is entitled to a dismissal of this action for plaintiff's failure to state a claim for

which relief can be granted under Fed. R. Civ. P. 12 (b)(6), or alternatively, summary judgment.

For the foregoing reasons, defendant  respectfully request that this Court dismiss plaintiff's

Privacy Act complaint with prejudice or grant defendant summary judgment.

.

Respectfully submitted,

_____/s_____
KENNETH L.  WAINSTEIN, D.C.  Bar #451058
United States Attorney

_____/s_____

13

RUDOLPH CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Major Steven D. Bryant
Litigation Attorney
U.S. Army Litigation Division
901 N. Stuart Street
Arlington, VA 22203

14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WILLIAM T. LEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Civil Action No. 06-0884 (JDB)** |
| | ) |
| **THE HONORABLE FRANCIS J.** | ) |
| **HARVEY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**<u>ORDER</u>**

Upon consideration of Defendant's Motion to Dismiss, or in the alternative for Summary

Judgment, and the opposition thereto, and the Court having considered the entire record herein, it

is, this _____ day of _____, 2006,

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that judgment shall be entered for Defendant, and that this matter is

hereby DISMISSED WITH PREJUDICE.

This is a final, appealable order.

Dated this _____ day of _____, 2006.


_____
John D. Bates
United States District Judge


Copies to:
The parties via ECF

15